Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida 

Orlando Division

| | | |
|---|---|---|
| Shawn Benjamin<br><br>_____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br>Craig Soward; Kathleen Gorman; Helen Pappas; Daytona SunCoast Title Insurance, Inc.<br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>FILED 2022 OCT 26 PM 3:54 US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO, FLORIDA |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

I. The Parties to This Complaint

A. The Plaintiff(s) in Interpleader

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shawn Benjamin |
| Street Address | 600 Harvey Ave |
| City and County | Daytona Beach, Volusia County |
| State and Zip Code | FL 32118 |
| Telephone Number | (386) 274-8211 |
| E-mail Address | shawnbenjamin1989@gmail.com |

B. The Defendant(s) in Interpleader

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

Defendant No. 1

| | |
|---|---|
| Name | Craig Soward |
| Job or Title (if known) | Landlord/Investor |
| Street Address | 1710 Argonne Dr |
| City and County | Concord, Contra Costa County |
| State and Zip Code | CA 94518 |
| Telephone Number | (925) 825-1711 |
| E-mail Address (if known) | craigers_z28@yahoo.com |

Defendant No. 2

| | |
|---|---|
| Name | Kathleen Gorman |
| Job or Title (if known) | Agent/Realtor |
| Street Address | 133 8th St |
| City and County | Daytona Beach, Volusia County |
| State and Zip Code | FL 32118 |
| Telephone Number | (925) 818-3636 |
| E-mail Address (if known) | kat.gorman77@gmail.com |

Defendant No. 3

| | |
|---|---|
| Name | Helen Pappas |
| Job or Title (if known) | |
| Street Address | [unknown address.] |
| City and County | |
| State and Zip Code | |
| Telephone Number | (954) 329-8823 |
| E-mail Address (if known) | kat7351@gmail.com |

Defendant No. 4

| | |
|---|---|
| Name | Daytona SunCoast Title Insurance, Inc. |
| Job or Title (if known) | Escrow Agent |
| Street Address | 3867 Nova Rd |
| City and County | Port Orange, Volusia County |
| State and Zip Code | FL 32127 |
| Telephone Number | (386) 788-1671 |
| E-mail Address (if known) | coasttitle@gmail.com |

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

## II. Basis for Jurisdiction and Venue

There are two types of interpleader actions, each brought under a different provision. Which type of interpleader action are you bringing? *(check one)*

☐ I am bringing this interpleader action under Federal Rule of Civil Procedure 22. *(Fill out Section A below.)*

☑ I am bringing this interpleader action under 28 U.S.C. § 1335. *(Fill out Section B below.)*

### A. Interpleader Action Under Rule 22

1. Jurisdiction is proper because the action *(check all that apply)*:

   ☐ arises under a federal statute, a federal treaty, and/or a provision of the United States Constitution *(specify the relevant statutory, treaty, and/or constitutional provisions)*:

   ☐ meets the jurisdictional requirements of 28 U.S.C. § 1332, under which no plaintiff may be a citizen of the same State as any defendant, and the amount at stake must exceed the sum or value of $75,000:

   a. The Plaintiff(s)

      i. If the plaintiff is an individual

         The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

      ii. If the plaintiff is a corporation

         The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

         *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

b. The Defendant(s)

   i. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____.
   Or is a citizen of *(foreign nation)* _____.

   ii. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

c. The Amount in Controversy

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

   _____

2. Venue is proper under 28 U.S.C. § 1391 because *(check one)*:

   ☐ all of the defendants live in _____ *(a common State)* and at least one defendant lives _____ *(county, State)*, which is located in this court's judicial district.

   ☐ a substantial part of the property that is the subject of this complaint for interpleader is situated in _____ *(county, State)*, which is located in this court's judicial district.

   ☐ there is no district in which this action may otherwise be brought. The court has personal jurisdiction over the defendants for the following reasons *(identify the connections the defendants have with the judicial district)*:

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

### B. Interpleader Action Under 28 U.S.C. § 1335

1. In order for this court to have jurisdiction over this action, at least two defendants must be citizens of different States as defined in 28 U.S.C. § 1332(a) or (c), and the value of the property in controversy must be at least $500.

    a. Interpleader Defendant No. 1

       i. If the defendant is an individual

          The defendant, *(name)* Craig Soward, is a citizen of the State of *(name)* California.
          Or is a citizen of *(foreign nation)* _____.

       ii. If the defendant is a corporation

           The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    b. Interpleader Defendant No. 2

       i. If the defendant is an individual

          The defendant, *(name)* Kat Gorman, is a citizen of the State of *(name)* Florida.
          Or is a citizen of *(foreign nation)* _____.

       ii. If the defendant is a corporation

           The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

Pro Se 1.2 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

    c. The Property in Controversy

    The property in controversy is worth $ 300,000.00

2. Venue is proper under 28 U.S.C. § 1397 because at least one defendant, *(name)* Helen Pappas, resides in Volusia County, Florida *(county, State)*, which is located in this court's judicial district.

## III. Statement of Interpleader Action

A. Describe the property that is the subject of this interpleader action, and explain why you are in possession of the property. Explain why each of the defendants claims an entitlement to the property.

The property that is the subject of this interpleader action involves a residential property located at 600 Harvey Ave, Daytona Beach, FL 32118, where the plaintiff now resides as a tenant with an active 2-year lease. The defendant, landlord, Craig Soward, is reluctantly selling the property to defendant, Helen Pappas, who had prior knowledge of plaintiff's lease, which was fraudulently omitted in the sale of the property as it were brokered by defendant, agent, realtor, Kat Gorman, who tortiously interfered with the contractual relationship between the plaintiff and the defendant, landlord, which led to the sale of the house unencumbered by plaintiff's lease, recent wrongful "self-help" eviction measures used against the plaintiff, and this timely complaint. Defendant, Daytona SunCoast Title Insurance, Inc., has no interest in the property, but has governing authority over the escrow account containing defendant Helen's deposit of $5000 for the sale of the property which is expected to close on or about November 3, 2022.

B. Plaintiff has *(check one)*:

☐ deposited *(the property at issue)* _____ into the registry of the court

☑ given a bond payable to the clerk of court in the amount of $ 1,350.00, which the court has deemed proper and which is conditioned upon compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

C. Explain why you are in great doubt as to which defendant(s) is/are entitled to the property subject to the interpleader action. Explain why you cannot determine which claim(s) is/are valid without exposing yourself to potential double litigation.

The plaintiff maintains that no defendant is entitled to their interest in the property as they see it. The house is burdened by the plaintiff's prior and existing 2-year lease that is attached to and running with the property. Defendant, landlord, sold the home unencumbered before having knowledge that his agent, defendant, had interfered with plaintiff's attempts to secure his lease, which she did on several occasions, through extended periods of non-performance, and by making fraudulent statements to the defendant, landlord, to whom the agent, defendant, owes a fiduciary duty. The agent is currently being sued by the State of Florida on unrelated charges of notary fraud, and has committed fraud in every contractual relationship that is involved in this dispute, due to her desire to appeal to both sides of the transaction. That is, as a property manager with a fiduciary duty to the landlord, defendant, and in that capacity owing a lesser duty to the tenant, plaintiff, and, on the other side, acting as a real estate agent to serve the defendant, Helen's best interests. Defendant, Helen, had reason to know about the plaintiff's lease from the agent, but has refused to recognize such lease because she wants to live in plaintiff's house and her interests are adverse. The issue for the court will be that the plaintiff's two-year lease is weak in terms of contract formation evidence and strong on the side of equity, while the defendant, Helen's, sales contract is clearly evidenced although the parties have "unclean hands'".

## IV. Relief

The plaintiff requests that *(check all that apply)*:

☑ Each defendant be restrained from instituting any action against the plaintiff for recovery of the property or any part of it.

☑ The defendants be required to interplead and settle among themselves their rights to the property and that the plaintiff be discharged from all liability.

| ✔ | The plaintiff recover costs and reasonable attorney's fees. |
| ✔ | The court grant any further relief as may be just and proper under the circumstances of this case. |

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/26/2022

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Shawn Benjamin

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____