# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHAWN BENJAMIN,**

      **Plaintiff,**

v.                                                 Case No: 6:22-cv-1973-PGB-DCI

**CRAIG SOWARD, KATHLEEN GORMAN, HELEN PAPPAS and DAYTONA SUNCOAST TITLE INSURANCE, INC.,**

      **Defendants.**

## ORDER AND ORDER TO SHOW CAUSE

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion for Temporary Restraining Order (Doc. 2)** |
| **FILED:** | **October 26, 2022** |

**THEREON** it is **ORDERED** that the Motion for Temporary Restraining Order (Doc. 2) is **DENIED without prejudice**.

Further, Plaintiff is **ORDERED** to **SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction

Plaintiff initiated this "interpleader and declaratory relief" action involving a property located in Daytona Beach, Florida. Doc. 1 at 6. According to the Complaint, Plaintiff is a tenant currently residing in a property under a lease, but Plaintiff's landlord is attempting to sell the property. *Id*. Plaintiff claims that the "house is burdened by the [P]laintiff's prior and existing 2-year lease." *Id*. Plaintiff, therefore, brings this lawsuit against his landlord, a real estate agent, a

title company acting as an escrow agent, and the buyer of the property. *Id*. at 5-6. Plaintiff has also filed a Motion for Temporary Restraining Order (Doc. 2) (the Motion for TRO) and Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3), which have been referred to the undersigned.

Upon review of the Complaint, the Court questions the presence of subject matter jurisdiction in this case. Federal courts have original jurisdiction over all civil actions: 1) arising under the Constitution, laws, or treaties of the United States (*i.e.*, federal question jurisdiction); or 2) where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (*i.e.*, diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. The Court has a duty to inquire into its subject matter jurisdiction whenever it may be lacking. *Hernandez v. United States AG*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam). A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Here, Plaintiff attempts to invoke the Court's jurisdiction by filing the case as an interpleader action pursuant to 28 U.S.C. § 1335, but that statute has no real application based on the allegations in the Complaint. "'Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner.'" *Pac. Life Ins. Co. v. Sarfarazi*, 2015 WL 4751206, at *4 (M.D. Fla. June 25, 2015) (quoting *In re Mandalay Shore Co-op. Hous. Ass'n*, 21 F.3d 380, 383 (11th Cir. 1994)). "The interpleader statute gives the district court jurisdiction of 'any civil action of interpleader or in the nature of interpleader,' where the claimants are minimally diverse and the plaintiff has 'any obligation written or unwritten to the

amount of $500 or more. . ..'" *Huntington Nat'l Bank v. Jesus Film Project*, 2018 WL 8608305, at *2 (M.D. Fla. Aug. 30, 2018) (quoting 28 U.S.C. § 1335(a)(1)).[1]

The instant case appears to be a breach of contract case—or perhaps tortious interference based on the allegations against Defendants Pappas and Gorman (*See* Doc. 1 at 6)—but it is not an interpleader action under § 1335. Even construing the Complaint liberally, as Plaintiff is a *pro se* litigant, the Court finds that there is no basis to otherwise determine that federal question jurisdiction is present in this case.

Turning to diversity jurisdiction, there is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).[2] An individual is a citizen of the state in which that individual is domiciled; the state where

---

[1] As explained in *Rush v. Metlife Bank, Nat. Ass'n*,

> By initiating an interpleader action, the stakeholder is admitting that it holds funds that are not its own, but says that it owes those funds to an undetermined party. "Historically, interpleader was available to protect a party who recognized an indebtedness, *was willing to pay it*, but was only interested in paying it once. The interpleader procedure affords the payor an opportunity to clothe his disbursement with the protection of a judicial determination." *Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated*, vol. 1, p. 344 (2d ed.1986) (emphasis added). Because filing an interpleader action is equivalent to the plaintiff's admitting that it is willing to pay the legitimate claimant, an interpleading stakeholder cannot logically be subjected to a claim alleging bad faith refusal to pay, under the circumstances of this case. As we held in *Stone v. Southland National Ins. Corp.*, 589 So.2d 1289 (Ala.1991), a stakeholder who interpleads the funds claimed has not refused to pay. "To the contrary, by interpleading, [the stakeholder] paid to the court an amount that the parties do not dispute is the full amount due, although it did not pay those proceeds to [any particular claimant]." *Id.* at 1291. *Monumental Life Insurance Co. v. Lyons—Neder*, 140 F.Supp.2d 1265, 1270 (M.D.Ala.2001) (quoting *Gilbert v. Congress Life Insurance Co.*, 646 So.2d 592, 594 (Ala.1994)) (emphasis and alterations in original).

2012 WL 5511043, at *4 (N.D. Ala. Nov. 9, 2012).

[2] Since § 1335 does not apply and federal question jurisdiction does not exist, the parties must be more than minimally diverse. *See Sarfarazi*, 2015 WL 4751206, at *3 ("Statutory interpleader, by

the individual maintains their "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam).

First, the diversity of the parties' citizenship is unclear. Plaintiff alleges residency in Daytona Beach, Florida. Doc. 1 at 1, 6. There is no allegation, however, regarding Plaintiff's citizenship and an individual's residence is, in and of itself, insufficient to establish citizenship for purposes of diversity jurisdiction. *Travaglio*, 735 F.3d at 1269; *Kerney v. Fort Griffin Fandangle Ass'n., Inc.*, 624 F.2d 717, 719 (5th Cir. 1980) ("An allegation of residence is insufficient to establish diversity jurisdiction."). Since the information regarding Plaintiff's citizenship is not before the Court, subject matter jurisdiction is not demonstrated.

Second, the Court questions whether Plaintiff has satisfied the amount in controversy requirement. Dismissal for failure to meet the amount in controversy is proper "where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount." *Bradley v. Kelly Servs., Inc.*, 224 Fed. App'x 893, 895 (11th Cir. 2007) (internal citation omitted). Further, with respect to declaratory relief, "' the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.'" *Federated Mut. Ins. Co.*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). Plaintiff claims that the property in controversy is worth $300,000, but this is a breach of contract case or other action grounded in state law, and it appears that the amount in alleged damages, if any, relates instead to rent and the "self-help eviction measures used against the

---

contrast, 'requires minimal diversity between the claimants, that is, at least one claimant must be of diverse citizenship from another claimant.") (quoting *Ohio Nat. Life Assurance Corp. v. Langkau*, 352 F. App'x 244, 249 (11th Cir. 2009)).

plaintiff." Docs. 1 at 6, 1-1 at 1.[3]  Based on the allegations, it does not seem that the amount in controversy exceeds $75,000.00.  As such, Plaintiff must provide additional information to demonstrate that subject matter jurisdiction exists in this case.

Further, Plaintiff's Motion for TRO is due to be denied for failure to comply with the Local Rules and Federal Rules of Civil Procedure.  Plaintiff seeks a TRO under 28 U.S.C. § 2361 "to stop the fraudulent transfer of ownership of residential property" as Plaintiff "has been subjected to wrongful 'self-help' eviction practices."  Doc. 2 at 1-2.  Plaintiff requests that the Court enforce the TRO until the Court issues a declaratory judgment on Plaintiff's rights and the enforceability of the lease agreement and Defendants' "subsequent purchase agreement." *Id*. at 2.

According to the Motion, Plaintiff's landlord signed an agreement for the sale of the property to include the house that Plaintiff rents and Plaintiff was informed that the tenancy would expire on April 1, 2023. *Id*. at 4.  On October 1, 2022, the landlord demanded the rent, but Plaintiff refused to pay the amount due and "promised to withhold a portion of his rent until he received some assurances in writing as to the exact duration of his lease." *Id*.  Plaintiff alleges that on October 3, 2022, the landlord gave Plaintiff 30 days' notice to vacate and on October 12, 2022, the agent attempted a "wrongful 'self-help' eviction" by shutting off utilities. *Id*. 4-5.  Plaintiff states that he needs an order to enjoin the eviction on or before October 31, 2022. *Id*. at 5.

Pursuant to Local Rule 6.01, a motion for temporary restraining order must include: (1) "Temporary Restraining Order" in the title; (2) a precise and verified description of the conduct and the persons subject to restraint; (3) a precise and verified explanation of the amount and form

---

[3] The Court notes that Plaintiff has attached an unsigned "'AS IS' Residential Contract for Sale and Purchase" between Defendant Soward and Plaintiff.  Doc. 1-1.  Plaintiff's purpose in attaching the document is unclear because the allegations center around his signed purported Contract to Lease and signed residential contract between Defendant Soward and Pappas. *Id*.

of the required security; (4) a supporting legal memorandum; and (5) a proposed order.  *See* Local Rule 6.01(a).  Additionally, the required legal memorandum must establish (a) the likelihood that the movant ultimately will prevail on the merits of the claim; (b) the irreparable nature of the threatened injury and the reason that notice is impractical; (c) the harm that might result absent a restraining order; and (d) the nature and extent of any public interest affected.  *See* Local Rule 6.01(b).

Plaintiff's motion does not meet these requirements.  Specifically, Plaintiff fails to explain why notice is impractical under the circumstances of the case and does not discuss public interest.  *See* Doc. 2.  Plaintiff has not provided the Court with a proposed order and the Court is not convinced that the threatened injury is irreparable at this juncture.  Accordingly, Plaintiff's Motion for TRO fails under Local Rule 6.01.

Second, the Motion does not comply with Federal Rule of Civil Procedure 65(b).  Rule 65(b) permits a court to issue a temporary injunction only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and that the movant certifies in writing any efforts made to give notice and the reasons why it should not be required.  Fed. R. Civ. P. 65(b).[4]  Plaintiff's Motion for TRO does not "clearly show" what "immediate and irreparable" harm will befall Plaintiff if an injunction issues without prior notice to Defendants, and the Motion contains no written certification of what efforts were made to provide notice or why notice should not be required.  *See* Doc. 2.

---

[4] Rule 65(b)(1)(B) request that the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  Plaintiff as a *pro se* litigant must also comply with that requirement.  *See Ferguson v. Aurora Loan Servs.*, 2010 WL 428194 (S.D. Fla. Oct. 22, 2010) (finding that the *pro se* plaintiffs' "failure to provide Rule 65(b)(1)(B)-required information is fatal to their request.").

Third, Plaintiff is not entitled to the requested relief pursuant to 28 U.S.C. § 2361. For the reasons stated in this Order, the Court finds that the Complaint is not properly brought as an interpleader action and, therefore, any type of request for an order of restraint or injunction under § 2361 is not warranted.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for TRO (Doc. 2) is **DENIED without prejudice**. If Plaintiff wishes to renew the request for a TRO, the renewed motion must be in strict compliance with this Order, Federal Rules of Civil Procedure 65, and Local Rule 6.01; and

2. **On or before November 14, 2022**, Plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. **Failure to comply with this Order may result in dismissal of this case without further notice.**[5]

**ORDERED** in Orlando, Florida on October 31, 2022.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 3) remains pending, and if Plaintiff responds to this Order, the Court will take the response into consideration if the Court enters an Order or Report and Recommendation in relation to the Motion to Proceed in Forma Pauperis.